UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WILLIAMS,

    Plaintiff,

v.                                                Case No. 04-71579

MICHAEL WOODARD and              HONORABLE AVERN COHN
RANDY PHARE,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL

       This is a civil rights case under 42 U.S.C. § 1983 involving claims of excessive force and false arrest. A jury found in favor of defendants. Plaintiff filed a motion for new trial on the grounds the verdict was against the great weight of the evidence. Defendants responded. The Court granted the motion and ordered a new trial. See Memorandum and Order Granting Motion for New Trial filed January 18, 2006. Fairly read it is clear that the Court found that the jury's verdict was against the great weight of the evidence.

       Defendants have filed a notice of appeal. "[A]n order granting a new trial is interlocutory in nature, and therefore not immediately appealable." <u>Allied Chemical Corp. v. Dayton, Inc.</u>, 449 U.S. 33, 34 (1980).

       Defendants have filed a motion for stay pending appeal asserting that because "the trial court lacked jurisdiction to grant the motion for new trial the order is immediately appealable," citing <u>Quality First Staffing Services v. Federal Express Corp.</u>, 80 Fed.Appx. 461 (2003). This case contains an academic discussion of the rule that an order granting

a new trial can be immediately appealed if the court was without jurisdiction to grant the motion, and goes on to dismiss the appeal because it was interlocutory.  Examples cited in the decision are  where there is a question of the timeliness or where the court acted on grounds not raised in the motion.

Here there is no question of timeliness and no question of jurisdiction.  Defendants' assertion that the Court lacked jurisdiction is frivolous; what defendants are really saying is that they disagree with the Court's decision.

The motion for stay is DENIED.  The Deputy Clerk will schedule a status conference to set a date for the new trial.

SO ORDERED.

                         s/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 10, 2006, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager
                         (313) 234-5160