UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WILLIAMS,

    Plaintiff,

v.                                                                                                  Case No. 04-71579

MICHAEL WOODARD and                                            HONORABLE AVERN COHN
RANDY PHARE,

    Defendants.

_____/

**ORDER**

This is a police misconduct case. Plaintiff was successful in a jury trial in obtaining $500,000.00 in compensatory damages and $250,000.00 in punitive damages. Now before the Court is Plaintiff's Amended Motion for Attorney Fees and Costs Under 42 USC §1988 as follows:

| Name of Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ken Ernst | $280.00 | 563.8 | $157,864.00 |
| Heather Bendure | $180.00 | 172.9 | $ 31,122.00 |
|  |  |  | $188,986.00 |
| Expenses |  |  | $ 11,735.65 |
|  |  | TOTAL: | $200,721.65[1] |

The expenses are itemized.

The attorney fees are itemized by date, task, attorney and hours. The itemization begins September 8, 2003. The case was filed April 27, 2004. The petition is incomplete as follows:

---

[1] Plaintiff's attorneys miscalculated Mr. Ernst's fees as $157,164.00 in his motion, which results in a $700.00 differential herein.

1. No justification is given for the particular hourly rates;

2. No explanation is given for charges preceding the filing date;

3. The hours worked are not categorized as to tasks and attorney as follows, nor are the tasks separated as to each of the two trials, i.e., filing through the first trial, conclusion of first trial through second trial, etc:

   • In Court
   • Out of Court
   • Conferences
   • File Review
   • Research
   • Client Interviews
   • Witness Interviews
   • Travel
   • Telephone Calls
   • Trial Preparation
   • Depositions

4. There is no explanation of why two attorneys charge on occasion for the same task.

Without the information described above the Court is not in a position to assess the reasonableness of the requested amount.

Additionally, defendants' objections, as follow, require a response:

1. Overstaffing and redundancy;

2. Reasonableness of hourly rates not justified;

3. Pre-filing and post-judgment services not compensable;

4. Fee arrangement with client not described.

The Court is constrained to observe that defendants' attorneys are experienced in defending police misconduct cases and assessing an attorney fee petition in a case in which plaintiff prevails. Presumably they are in a position to assess the reasonableness of the request overall in light of the attorney work required, result obtained and amount

requested. There is no good reason that resolution of the petition cannot be obtained through discussion rather than adjudication. The Court is mindful of the pending appeal, and that should the judgment be reversed, plaintiff is not entitled to attorney fees. On the other hand, should plaintiff prevail on appeal, additional attorney fees must be awarded.

Plaintiff shall supplement the petition for attorney fees as above described within thirty (30) days.

SO ORDERED.

       s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 30, 2006, by electronic and/or ordinary mail.

       s/Julie Owens
Case Manager, (313) 234-5160