UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WILLIAMS,

    Plaintiff,

v.                                                                                    Case No. 04-71579

MICHAEL WOODARD and                                     HONORABLE AVERN COHN
RANDY PHARE,

    Defendants.

_____/

**ORDER ON ATTORNEY FEES AND EXPENSES**

I.

    This is a civil rights case under 42 U.S.C. §1983, involving claims of excessive force and false arrest.  A jury found in favor of plaintiff and awarded compensatory damages in the amount of $500,000.00, and punitive damages in the amount of $125,000.00 against each defendant, for a total damages award of $750,000.00.

    Plaintiff then filed a motion for attorney fees and costs.  On November 7, 2006, the Court entered its Memorandum and Order Denying in Part Defendants' Motion for Stay Pending Appeal and Denying Plaintiff's Motion for Prejudgment Interest and Deferring Consideration of Plaintiff's Motion for Attorney Fees.  On November 30, 2006, the Court entered its Order requiring supplementation of the application for attorney fees, requiring plaintiff to furnish a supplement to the petition and to respond to defendants' objections.  Plaintiff has done so by filing an amended motion for attorney fees and costs to which defendants have responded.

For the reasons that follow, the motion is GRANTED.

II.

42 U.S.C. § 1988 , governs the award of attorney fees in actions to enforce various federal civil rights and anti-discrimination statutes. Section 1988 provides in pertinent part,

> In any action or proceeding to enforce a provision of [42 USC 1983] ⋯ the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs⋯⋯

Although the phrase "may allow" might appear to be permissive, the United States Supreme Court has interpreted the phrase as mandating attorney fees when the plaintiff prevails and certain special circumstances are not present. Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989).

Here, defendants do not dispute that plaintiff is, at present, a prevailing party. Defendants, however, challenge the requested amounts on the grounds that plaintiff has not shown that they are reasonable.

The amount of reasonable attorney fees payable to plaintiff under § 1988 must be commensurate with the degree of plaintiff's overall success in the underlying § 1983 litigation. See Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 793(1989). The Court has discretion in determining the amount of the award. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "The primary concern in an attorney fee case is that the fee awarded be reasonable," that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers. Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir.1999) (citing Blum v. Stenson, 465 U.S. 886, 893, 897(1984)). When calculating a "reasonable" attorney fee, the Court

2

should determine the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.  Hensley, 461 U.S. at 433; Reed, 179 F.3d at 471.  The factors which the Court may consider, either in determining the basic lodestar fee and/or adjustments thereto, include the twelve listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

### III.

Plaintiff's motion seeks a total award of $200,721.65, broken down as follows:

**ATTORNEY FEES**:

| ATTORNEY | Hourly Rate | Hours | Amount |
|---|---|---|---|
| Kevin Ernst | $280.00 | 563.8 | $157,864.00[2] |
| Heather Bendure | $180.00 | 172.9 | $ 31,122.00 |

**EXPENSES:**   $ 11,735.65

**TOTAL**   $200,721.65

Plaintiff's papers include an itemized list of attorney hours, costs and expenses, affidavits from Mr. Ernst and Ms. Bendure.  Defendants argue that the amounts requested are not reasonable

---

[1] "These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  Reed, 179 F.3d at 471-72 n. 3 (citing Johnson, 488 F.2d at 717-19)

[2] As noted in the November 30, 2006 Order, plaintiff's attorneys miscalculated Mr. Ernst's fees as $15,164.00, which results in a $700.00 differential.

The Court, based on its knowledge of the case, the efforts expended by the attorneys for plaintiff and the results obtained, and in light of the relevant factors set forth above, is satisfied that plaintiff is entitled to attorney fees and reimbursement of expenses in the amounts requested, and that defendants' objections lack merit.

Accordingly, plaintiff is awarded attorney fees in the amount of $188,986.00 and reimbursement of expenses in the amount of $11,735.65 for a total of $200,721.65.  A supplemental judgment in that amount will be entered.

**SO ORDERED**.

    s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 1, 2007, by electronic and/or ordinary mail.

    s/Julie Owens  
Case Manager, (313) 234-5160